IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHYLLIS VIRGIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-600-GPM |
| | ) |
| AMERICAN RIVER TRANSPORTATION COMPANY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on Plaintiff's motion for leave to file a second amended complaint in admiralty. Defendant opposes Plaintiff's motion.

On August 27, 2004, Plaintiff filed her original complaint basing federal jurisdiction for her negligence claim on the Jones Act, 46 U.S.C. § 688, and for her claims of unseaworthiness, maintenance, cure, and wages on "General Admiralty and Maritime Law"(Doc. 1). Plaintiff demanded a trial by jury. On September 9, 2004, Plaintiff filed her first amended complaint, again basing federal jurisdiction for her negligence claim on the Jones Act and for her claims of unseaworthiness, maintenance, cure, and wages on "General Admiralty and Maritime Law" (Doc. 6). Again, Plaintiff demanded a jury trial.

During a hearing on June 13, 2005, the Court granted Defendant leave to file an amended answer and counterclaim. Defendant asserts, "by way of affirmative defense, … that Plaintiff is barred from recovering maintenance and cure by virtue of her having misrepresented and/or

concealed material medical information" (Doc. 25, p. 2, ¶ 13). In its counterclaim, Defendant alleges that "[p]rior to and during Plaintiff's employment with Defendant, Plaintiff suffered from pre-existing back problems which were material to the decision to place Plaintiff in the position of a cook" on Defendant's vessel (*id* at p.3, ¶ 3). Defendant further alleges in its counterclaim that "[f]rom the date of the alleged injury until several months later, Defendant paid maintenance, cure and other benefits to or on behalf of the Plaintiff. Such benefits amount to $25,422.51" (*id*. at ¶ 4). Defendant specifically demands a jury trial on its counterclaim, as well in its answer to Plaintiff's claims.

During the June 13th hearing, the Court bifurcated Plaintiff's maintenance and cure claim and set it for trial on August 2, 2005. At that time, the issue arose whether it would be tried to the Court or to a jury, and Plaintiff's counsel indicated his intention to file a motion to amend the complaint to designate Plaintiff's Jones Act claim as an admiralty claim under Federal Rule of Civil Procedure 9(h), thereby waiving her right to a jury trial. Defendant opposes Plaintiff's motion, arguing that Plaintiff's attempt to deprive Defendant of its right to a jury trial on both her claims and Defendant's counterclaim is contrary to Federal Rule of Civil Procedure 39 and the Seventh Amendment to the United States Constitution.

Federal Rule of Civil Procedure 9(h) provides:

> A pleading or count setting forth a claim for relief within the admiralty or maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. A case that includes an admiralty or maritime claim within this subdivision is an admiralty case within 28 U.S.C. § 1292(a)(3).

FED. R. CIV. P. 9(h). Pursuant to Rule 15, leave to amend the pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." FED. R. CIV. P. 38(a). However, the rules governing the right of trial by jury "shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)." FED. R. CIV. P. 38(e). That, of course, is the issue: should Plaintiff be allowed to re-designate her Jones Act claim as a claim within the meaning of Rule 9(h)? Where trial by jury has been demanded, "[t]he trial of all issues so demanded shall be by jury, unless (1) the parties … consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." FED. R. CIV. P. 39(a). The right to trial by jury is so important that "any seeming curtailment of the right . . . should be scrutinized with the utmost care." *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 (7th Cir. 1996). "The Seventh Amendment provides that 'in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.'" *Id.*

      The Court agrees with Plaintiff that she has the right to withdraw her jury demand. The original jurisdictional basis for Plaintiff's Jones Act claim was the statute itself, and she is entitled to a jury on that claim only by virtue of the statutory grant. *See Rachal v. Ingram Corp.*, 795 F.2d 1210, 1213 (5th Cir. 1986). Her maintenance and cure claim, however, is a question of maritime law and is to be decided by the court rather than a jury. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 616 (5th Cir. 1985). Despite there being no entitlement to a jury trial on maintenance and cure claims, a seaman may obtain a jury trial on such a claim by joining it with a Jones Act claim and

demanding a jury trial, *id*., *citing Fitzgerald v. United States*, 374 U.S. 16, 19-20 (1963), as Plaintiff originally did in this case.

> [T]he Jones Act gives only the seaman-plaintiff the right to choose a jury trial. 46 U.S.C. § 688.  With certain exceptions that are not involved here, a plaintiff has the right to select either an admiralty or a legal forum under the saving to suitors clause. 28 U.S.C. § 1333.  The Federal Rules preserve this right by allowing the plaintiff to designate his action as one in admiralty or to treat it as a civil action. FED. R. CIV. P. 9(h).  Thus, Rule 39(a) does not absolutely preclude a Jones Act plaintiff from withdrawing a jury demand earlier made; it conditions the withdrawal of a jury demand on certain protections of the defendant's rights.  Neither does Rule 39 grant the defendant here any new or independent right to a jury trial; it simply protects rights to a jury trial that the defendant may have been granted elsewhere.

*Rachal*, 795 F.2d at 1215 (footnote omitted).  Defendant's counterclaim is a rewording of its affirmative defense to Plaintiff's maintenance and cure claim, to which there is no right to a jury trial.  Therefore, the withdrawal of Plaintiff's jury demand does not deprive Defendant of any right to which he otherwise was entitled.  Allowing Plaintiff to withdraw her jury demand would not violate Rule 39.  Additionally, this Court agrees with the analysis in *Rachal* that because diversity jurisdiction is not involved, Plaintiff's only right to a jury trial arose under the Jones Act.  Consequently, Defendant has no right to a jury trial, and the Seventh Amendment is not involved in this case.  *Rachal*, 795 F.2d 1213-14.  In light of the Seventh Circuit Court of Appeals' reliance on various other parts of the *Rachal* decision in *Wingerter v. Chester Quarry Company*, 185 F.3d 657, 667 (7th Cir. 1999), the Court rejects Defendant's characterization of the *Rachal* Court as reaching a "curious conclusion" (Doc. 34, p. 3).

Moreover, Defendant's reliance on *Fitzgerald*, 374 U.S. 16, cuts against its argument that this entire case should be tried to a jury.  *Fitzgerald* involved a seaman who wanted his maintenance and cure claim submitted to the jury with his Jones Act claim.  *Id*.  This case involves the converse facts, but the same analysis applies.  Even though the trials have been bifurcated, Plaintiff's Jones

Act and maintenance and cure claims, and all affirmative defenses thereto, including the related counterclaim, should be tried to one trier of fact because this is "essentially one lawsuit … split conceptually into separate parts." *Id*. at 21.  As set forth above, the seaman's right to choose, or not choose, a jury trial under the Jones Act and to choose whether to proceed in admiralty governs this Court's decision today rather than the ultimate holding in *Fitzgerald*, which was based on different facts than those presented here.

For the foregoing reasons, Plaintiff's motion for leave to file a second amended complaint in admiralty (Doc. 27) is **GRANTED**, and she is **DIRECTED** to file it **on or before July 22, 2005**.

**IT IS SO ORDERED.**

DATED: 07/18/05

s/G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
